IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANNIE B. SIMS**, | : | Case No. 1:13 CV 01873 |
| Plaintiff, | : | |
| v. | : | |
| **SECRETARY OF HEALTH & HUMAN SERVICES (HHS)**, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendant. | | |

## I. INTRODUCTION.

This case, filed pursuant to 42 U.S.C. § 405, was automatically referred to the undersigned Magistrate Judge pursuant to Local Civil Rule 72.2. Pending is Plaintiff's Brief on the Merits and its Supplement (Docket Nos. 22 & 23); Defendant's Brief on the Merits (Docket No. 24) and Plaintiff's Response (Docket No. 25). For the reasons that follow, the Magistrate recommends that the decision of the Medicare Appeals Council (MAC), a part of the Departmental Appeals Board of the Department of HHS, be affirmed.

## II. THE FACTS.

The following facts are undisputed and material to Plaintiff's request for judicial review.

Plaintiff retired from the United States Post Office on June 1, 2002, two years prior to reaching 65 years of age. At the time of her retirement, she maintained health coverage with Anthem Blue Cross (Anthem) through the United States office of Personnel Management (OPM). When Plaintiff turned 65 years of age on October

15, 2004, she promptly enrolled in Medicare Part B[1]. Upon being advised by Anthem personnel that Plaintiff was paying for duplicative coverage that was already being provided through Anthem, Plaintiff withdrew her enrollment in Medicare Part B in January 2005[2]. In January 2008, Plaintiff re-enrolled in Medicare Part B and the Social Security Administration (SSA) assessed her a premium surcharge (Docket No. 1 and Docket No. 21, p. 16 of 215).

### III. PROCEDURAL BACKGROUND.

Plaintiff was enrolled in Medicare Part B from October 2004 through January 2005. Plaintiff applied for medical coverage under Medicare Part B on November 23, 2007. In 2007, Anthem terminated its contract with the government and Plaintiff was automatically enrolled in Blue Cross Blue Shield. On December 28, 2007, Plaintiff was denied medical insurance coverage under Medicare because her application was filed too late (Docket No. 21, pp. 118; 173; 194-195 of 215).

In January 2008, Plaintiff re-enrolled in Medicare Part B. She was assessed a premium surcharge for late enrollment in Medicare Part B pursuant to Section 1839(b) of the Social Security Act (Act). Plaintiff requested a waiver of the premium surcharge and the Assistant Regional Commissioner denied this request on April 29, 2008 (Docket No. 21, pp. 185; 189-190 of 215). Plaintiff requested reconsideration on June 27, 2008 (Docket No. 21, pp. 181-182 of 215). The request for reconsideration was denied and Plaintiff requested a hearing before an Administrative Law Judge (ALJ) on December 9, 2008 (Docket No. 21, p. 171 of 215). A hearing was scheduled for August 4, 2009, before ALJ Peter R. Bronson (Docket No. 21, pp. 149-151; 166 of 215).

---

[1] Under the federal Medicare Program established under Title XVIII of the Act, 42 U. S. C. § 1395 *et. seq.,* Medicare Part B authorizes federal funding for medical and other health services.

[2] On March 3, 2008, Plaintiff requested a letter confirming that she was advised not to sign up for Medicare Part B. The letter confirms that Plaintiff was advised that as a federal member she did not have to sign up for Part B and that the decision to enroll in Medicare was left entirely up to her. The letter does not confirm that she was advised not to sign up for Medicare Part B (Docket No. 21, p. 22 of 215).

On February 19, 2010, ALJ Bronson published a decision in which he concluded that Plaintiff was correctly charged a premium surcharge for late enrollment in Medicare Part B and that an adjustment of her premium surcharge based on error, misrepresentation or inaction of a federal employee or its agent, was not allowed (Docket No. 21, pp. 21, pp. 140-146 of 215).  Plaintiff requested review of the hearing decision on March 22, 2010 (Docket No. 21, p. 131 of 215).

On March 15, 2011, Plaintiff reasserted her request for review of the hearing decision and also requested a new hearing before an ALJ (Docket No. 21, pp. 122; 124 of 215).  On March 22, 2011, Anthem advised Plaintiff, in writing, that if she did not sign up for Medicare Part B when first eligible, she would be subject to an enrollment penalty of a 10% increase in premiums for every 12 months that she was not enrolled (Docket No. 21, p. 116 of 215).  On March 31, 2011, Plaintiff was advised by Anthem that as a federal member, she did not have to sign up for Part B (Docket No. 21, pp. 113 of 215).

The MAC issued an order on July 20, 2012, advising that the Secretary of HHS had delegated the authority for review to the MAC; accordingly, the ALJ's decision from February 19, 2010, was vacated and the case was remanded to an ALJ in the Office of Medicare Hearings and Appeals for a new decision (Docket No. 21, pp. 84-86 of 215).

Following an administrative hearing on January 16, 2013,  ALJ Wanda Kamphuis Zatopa determined on March 26, 2013 that Plaintiff was entitled to a waiver of premium penalty assessed when she re-enrolled in medicare Part B and that Plaintiff was entitled to the return of any premium penalties charged for re-enrollment (Docket No. 21, pp. 43-48 of 215).

On April 15, 2013, the Assistant Regional Commissioner submitted a referral memorandum to the MAC suggesting that it review the ALJ's decision as it was contrary to Section 1837(I) of the

3

Act[3] (Docket No. 21, pp. 41-42 of 215). On April 23, 2013, the MAC remanded that case to the Assistant Regional Commissioner who failed to send a copy of the referral memorandum to Plaintiff (Docket No. 21, pp. 34-36 of 215). A copy of the referral memorandum was officially forwarded to Plaintiff on May 31, 2013 by counsel. Plaintiff's time within which to respond was extended for a period of twenty days (Docket No. 21, pp. 29-32 of 215). On June 10, 2013, Plaintiff wrote to the MAC and explained that she agreed with ALJ Zatopa's decision and asked that it be enforced (Docket No. 21, pp. 20-21 of 215).

Deciding, *sua sponte,* to review the ALJ's decision, on July 11, 2013, the MAC determined that ALJ Zatopa's decision had serious legal error. Specifically, Plaintiff was not covered by a group health insurance plan based on current employment status and she had not demonstrated that her dis-enrollment from Medicare Part B resulted from an error, misrepresentation or inaction by an employee or agent of the federal government (Docket No. 21, pp. 14-19 of 215). Plaintiff filed a timely Complaint in this United States District Court seeking judicial review.

## IV. STANDARD FOR JUDICIAL REVIEW.

42 U.S.C. § 1395ff(b)(1)(A)[4] provides the jurisdictional basis for judicial review of a final

---

[3]

 The agency referral must be filed no later than sixty days after the date of the ALJ's decision and there must be a copy of the referral forwarded to all parties to the ALJ's action who received a copy of the hearing decision. 42 C.F. R. § 405.1110(c) (Thomson Reuters 2014).

[4]

(b)     Appeal rights
    (1)     In general
        (A)     Reconsideration of initial determination
            Subject to subparagraph (D), any individual dissatisfied with any initial determination under subsection (a)(1) of this section shall be entitled to reconsideration of the determination, and, subject to subparagraphs (D) and (E), a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title and, subject to paragraph (2), to judicial review of the Secretary's final decision after such hearing as is provided in section

decision of the Secretary on a Medicare Part B claim[5]. *Southern Rehabilitation Group, P.L.L.C. v. Secretary of Health and Human Services,* 732 F.3d 670, 677 -678 (6th Cir. 2013). Any individual who is dissatisfied with the MAC's determination shall be entitled to judicial review of the Secretary's final decision after a hearing as provided in 42 U. S. C. § 405(g). *Id.*

The cross-referenced Section 405(g) states, in relevant part, that any individual, after any final decision of the Secretary made after a hearing to which the individual was a party, may obtain a review of such decision by a civil action. *Id.* Section 405(g) also prescribes that the reviewing court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary with or without remanding the cause for a rehearing. *Id.* Section 405(g) has been interpreted to contain two prerequisites to judicial review:

First, a "nonwaivable and nonexcusable requirement that an individual present a claim to the agency before raising it in court." *Id.* (*citing Shalala v. Illinois Council on Long Term Care, Incorporated*, 120 S.Ct. 1084, 1094 (2000)).

Second, a waivable requirement of exhaustion of administrative review. *Id.* (*citing Shalala v. Illinois*, 120 S.Ct. 1084; *Michigan Association of Homes & Services for the Aging v. Shalala*, 127 F.3d 496, 499 (6th Cir.1997)).

The Medicare Act also expressly adopts the Social Security Act's jurisdictional bar to judicial

---

[5] 405(g) of this title. 42 U.S.C.A. § 1395ff (Thomson Reuters).

Medicare Part B covers medically necessary services or supplies that are needed to diagnose or treat a medical condition and that meet accepted standards of medical practice and preventive services used to prevent illness (like the flu) or detect it at an early stage, when treatment is most likely to work best. 42 U.S.C. § 1395j-1395w (Thomson Reuters 2014); www.medicare.gov.

review found at 42 U.S.C. § 405(h). *Id.* (*See* 42 U.S.C. § 1395ii ("The provisions of . . . subsection . . . (h) . . . of section 405 of this title shall also apply with respect to this subchapter . . . "). Section 405(h) channels the majority of all Medicare claims through the special review system which includes an administrative hearing and " 'purports to make exclusive the judicial review method set forth in 405(g).' " *Id.* (*citing Cathedral Rock of North College Hill, Incorporated v. Shalala*, 223 F.3d 354, 359 (6th Cir.2000) (*quoting Ill. Council*, 120 S.Ct. at1091-1092). It further limits judicial review by stating:

> No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter. *Id.*

## VI. DISCUSSION.

In her request for judicial review, Plaintiff prays that the Court invoke its equitable powers to provide the following relief:

(1) reinstatement of ALJ Zapota's decision;
(2) reimbursement of any premium penalties charged for her re-enrollment in Medicare Part B; and
(3) waiver of any premium penalty for re-enrollment in Medicare Part B as she will suffer irreparable harm without such wavier.

### 1. THIS COURT IS PRECLUDED FROM REINSTATING THE ALJ'S DECISION.

The Medicare Act's grant of subject matter jurisdiction only permits judicial review of "the final decision of [the Secretary] made after a hearing." *Giesse v. Secretary of Department of Health and Human Services,* 522 F.3d 697, 703 (6th Cir. 2008) (*citing* 42 U.S.C. § 405(g)). Thus, judicial review of claims arising under the Medicare Act is available only after the Secretary renders a "final decision" on the enrollee's claim. *Id.* at 703-704 (*citing Heckler v. Ringer*, 104 S.Ct. 2013, 2016

(1984); *Califano v. Sanders*, 108, 97 S.Ct. 980, 985-986 (1977) (citations omitted) ("This provision clearly limits judicial review to a particular type of agency action, a final decision of the Secretary made after a hearing.")).

The exercise of judicial review is not without significant restraint. Congress has limited the power given the district courts to affirm, reverse or vacate the decision of the Secretary if based on the transcript and pleadings, the Secretary's decision lacks the support of substantial evidence and/or the Secretary failed to provide sufficiently clear bases upon which the reviewing court may determine if the appropriate legal standards were applied in reaching his or her conclusions. There is no statutory or regulatory authority which permits the examiner on judicial review, to review the merits of the ALJ's decision, pass on its correctness or even enforce the ALJ's order. The scope of this Court's review is limited to carefully scrutinizing the entire record but not to re-weigh the evidence or supplant the Secretary's judgment of the weight of the evidence with its own.

The Magistrate recommends that the Court deny Plaintiff's request for reinstatement of the ALJ's decision.

### 2. PLAINTIFF COULD EXPECT TO PAY HIGHER PREMIUMS WHEN SHE RE-ENROLLED IN MEDICARE PART B.

The Medicare Act codifies a program administered by the Secretary which provides medical insurance to aged and disabled citizens. *Edgepark, Incorporated v. Nationwide Mutual Insurance, Company*, 746 F.Supp. 696, 697 (N.D.Ohio,1990). The program is divided into two parts. Part A which is not at issue in this proceeding and Part B, which is at issue here, is a voluntary program providing supplementary coverage for other health care services, including physician services and such services and such items as x-rays, laboratory tests, and durable medical equipment. *Id.* (*citing* 42 U.S.C. §§ 1395j-1395w). Benefits under Part B are paid out of a Medicare trust fund that is

financed by government appropriations and premiums paid by eligible individuals who choose to enroll in the program. *Id.* (*See Schweiker v. McClure*, 102 S.Ct. 1665 (1982)).  Individuals who have enrolled in Medicare Part B late or who have re-enrolled after the termination of a coverage period are subject to an increased premium under 42 U.S.C. § 1395r(b) during the time which they could have but were not enrolled.

The regulations governing Plaintiff's re-enrollment in Medicare Part B mandate strict compliance, rendering moot any reasons she had for cancelling coverage in the first place.  Plaintiff signed up for Medicare Part B when first eligible; she withdrew from Medicare Plan B; and at re-enrollment, she was subject to a penalty of 10% for every 12-month period that she delayed re-enrollment.  In this case, there were two full twelve-month periods in which Plaintiff could have been enrolled.  Her Part B premium penalty is 20%.

The Magistrate recommends that the Court deny Plaintiff's request for reimbursement of the premium penalty.

### 3. THE GOVERNMENT'S DECISION NOT TO WAIVE THE SURCHARGE IS CONSISTENT WITH THE LAW AND THEREFORE, UPHELD.

Under 42 U.S.C. § 407.32, if an individual's enrollment or non-enrollment in Medicare is unintentional, inadvertent, or erroneous because of the error, misrepresentation, or inaction of a Federal employee or any person authorized by the Federal Government to act in its behalf, the Administration may take whatever action it determines is necessary to provide appropriate relief.

Even assuming that Plaintiff's non-enrollment in Medicare Part B was the result of misrepresentation by Anthem, Plaintiff has failed to present evidence that Anthem is an employee of the federal government or otherwise authorized to act on behalf of the federal government.  As for the premium surcharge, the Secretary, as a matter of law, was not compelled to waive it as there

8

was no evidence of prejudice to her re-enrollment rights because of the federal government.

The Magistrate recommends that the Court deny Plaintiff's request for waiver of the surcharge.

### VII. CONCLUSION.

For these reasons, the Magistrate recommends that the Court affirm the MAC's decision, dismiss the Complaint and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: March 17, 2014

## VIII. NOTICE.

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.