PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANNIE B. SIMMS,                          )
                                         )    CASE NO. 1:13cv1873
              Plaintiff,                 )
                                         )
       v.                                )    JUDGE BENITA Y. PEARSON
                                         )
SECRETARY OF HEALTH & HUMAN              )
SERVICES,                                )
                                         )    **MEMORANDUM OF OPINION AND**
              Defendant.                 )    **ORDER** [Regarding ECF Nos. 26; 27]


       On March 17, 2014, Magistrate Judge Vernelis K. Armstrong issued a Report ("R&R")

recommending that the decision of the Medicare Appeals Council (MAC), a part of the

Departmental Appeals Board of the Department of Health & Human Services, be affirmed.  ECF

No. 26 at 1.  Plaintiff filed an objection.  ECF No. 27.  For the reasons that follow, the Court

overrules Plaintiff's objections and adopts the R&R.

## I. Background[1]

The undisputed relevant facts were set forth by the magistrate judge as follows:

Plaintiff retired from the United States Post Office on June 1, 2002, two years
prior to reaching 65 years of age.  At the time of her retirement, she maintained
health coverage with Anthem Blue Cross (Anthem) through the United States
office of Personnel Management (OPM).  When Plaintiff turned 65 years of age
on October 15, 2004, she promptly enrolled in Medicare Part B.  Upon being

---

[1]  The R&R fully sets out the factual background which the Court incorporates herein.
*See* ECF No. 26 at 1-4.

(1:13cv1873)

> advised by Anthem personnel that Plaintiff was paying for duplicative coverage
> that was already being provided through Anthem, Plaintiff withdrew her
> enrollment in Medicare Part B in January 2005. In January 2008, Plaintiff
> re-enrolled in Medicare Part B and the Social Security Administration (SSA)
> assessed her a premium surcharge.

ECF No. 26 at 1-2 (internal citations to the record omitted). The premium surcharge represented

a penalty for late enrollment. *Id*. at 2.

Plaintiff requested a waiver of the premium surcharge with the Social Security

Administration, and it was denied. *Id*. Plaintiff requested reconsideration, and it was denied. *Id*.

Plaintiff requested a hearing with the administrative law judge (ALJ). *Id*. The ALJ concluded

Plaintiff was properly charged a premium surcharge. *Id*. at 3. Plaintiff requested a review of the

ALJ's decision and also requested a new hearing before an ALJ. *Id*.

Thereafter, the MAC issued an order advising that it, rather than the Social Security

Administration, had jurisdiction over the matter. *Id*. Accordingly, the MAC vacated the ALJ's

decision and remanded the case to an ALJ in the Office of Medicare Hearings and Appeals for a

new decision. *Id*.

The new ALJ, Wanda Kamphuis Zatopa, held an administrative hearing and determined

that Plaintiff was entitled to a waiver of the premium surcharge in addition to the return of any

premium penalties already paid. *Id*. Thereafter, the Social Security Assistant Regional

Commissioner for the Social Security Administration sent a memorandum to the MAC, in which

it pointed out that the ALJ's decision was contrary to law.[2] *Id*. at 3-4. Upon review, the MAC

---

[2] ALJ Zatopa credited Plaintiff for being enrolled in a Group Health Plan which provides
claimants with special enrollment periods. However, Plaintiff was not eligible for the Group
Health Plan enrollment period because it only applies to claimants who are employed at the time,

(1:13cv1873)

determined that ALJ Zatopa's decision was in error and it reversed.  *Id*. at 4.

Plaintiff filed a Complaint in the instant Court appealing the MAC's decision.  She argues that Anthem advised her to drop her Medicare Part B coverage and that she was not advised that doing so may result in a later penalty.  ECF No. 22 at 2.  She requests the Court reinstate ALJ Zatopa's decision and reimburse her for the premium surcharge.  ECF No. 1.  Upon consideration, the magistrate judge recommended Plaintiff's request be denied.  The magistrate judge first noted that judicial review of the MAC's determination is limited, stating "there is no statutory or regulatory authority which permits the examiner on judicial review[] to review the merits of the ALJ's decision, pass on its correctness or even enforce the ALJ's order."  ECF No. 26 at 7.  The magistrate judge next found that Medicare Part B mandates strict compliance with enrollment regulations and that Plaintiff failed to comply with the regulations, resulting in a penalty.  *Id*. at 8.  Finally, the magistrate judge determined that Plaintiff did not present evidence that her untimely enrollment was "unintentional, inadvertent, or erroneous because of the error, misrepresentation, or inaction of a Federal employee or any person authorized by the Federal Government to act in its behalf," in which case the government may elect to waive the premium surcharge.  *Id*. (citing 42 U.S.C. § 407.32).  Plaintiff filed an objection.  ECF No. 27.

## II.  Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the

_____

and Plaintiff had retired.  *See* 42 C.F.R. § 407.20(c) ("For an individual who is or was covered under a GHP, coverage must be by reason of the current employment status of the individual or the individual's spouse.").

(1:13cv1873)

district court standard of review is *de novo*.  Fed. R. Civ. Pro. 72(b)(3).  A district judge must

determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to.  *Id.*  The district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions.  *Id.*

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's report

and has considered Plaintiff's arguments raised in objection.  For the reasons set forth below, the

Court adopts the R&R.

### III.  Analysis

In her objection, Plaintiff does not respond to the analysis provided by the magistrate

judge.  Instead, she recites the facts and asserts that she was not advised by the Social Security

Administration at the time she dropped her Medicare Part B coverage that she would suffer a

penalty upon re-enrollment.  ECF No. 27 at 2.  The failure of the administration to advise

Plaintiff regarding health care coverage decisions does not render the premium surcharge

unlawful.

Plaintiff also challenges the calculation of the 20% premium for the years 2010 and 2011,

and requests the Court reverse the decision.  *Id*.  The administrative record does not indicate that

Plaintiff ever objected to the calculation of the premium, but that Plaintiff objected to the fact of

the premium.  *See* ECF No. 21 (Administrative Record); ECF No. 24 at 19 (Defendant's brief

stating that "Plaintiff argues for the first time in her brief that" the 20% premium has been

calculated improperly).  To the extent Plaintiff requests the Court consider the allegedly

improperly calculated premium in consideration of her underlying claim, the Court notes that

4

(1:13cv1873)

there is not an established record before it to consider the calculation of the premium and, in any event, the calculation of the premium does not change the determination as to the fact of the premium.  To the extent Plaintiff purports to now challenge the calculation of the premium, the Court may not consider such a claim because Plaintiff has not exhausted her administrative remedies as to the calculation of the premium.  *See* *Giesse v. Sec'y of Dep't of Health and Human Servs.*, 522 F.3d 697, 703 (6th Cir. 2008) ("The Medicare Act's grant of subject matter jurisdiction only permits judicial review of "the final decision of [the Secretary] made after a hearing," quoting 42 U.S.C. § 405(g).  Accordingly, Plaintiff's objections to the R&R are overruled.

### IV.  Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections (ECF No. 27) to the R&R (ECF No. 26) and adopts the R&R in its entirety.  Accordingly, the MAC's decision is affirmed, the Complaint dismissed, and the referral to the magistrate judge terminated.


IT IS SO ORDERED.


  April 30, 2014                           */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                          United States District Judge